# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**FRANK COPPLER,**

        **Plaintiff,**

v.                                                                               CIV. No. 99-58 JP/WWD

**SHAWN BECK, individually and in his
official capacity as a Deputy Sheriff of the
Santa Fe County Sheriff's Department;
BENJIE MONTAÑO, in his official capacity
as the Santa Fe County Sheriff; COUNTY OF
SANTA FE; and THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF SANTA FE,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

On December 13, 1999, Defendants filed a Motion for Summary Judgment on Count II of Plaintiff's Complaint, (Doc. No. 33). At a January 21, 2000 pretrial conference and motion hearing, Paul Mannick, Esq. represented the Plaintiff and James Sullivan, Esq. represented the Defendants. After carefully considering the pleadings, the briefs, the relevant law, and the arguments of counsel, I conclude that Defendants' motion should be granted in part and denied in part.

At the conference, Plaintiff clarified that his § 1983 claims are alleged against Defendant Montaño in his official capacity only. Therefore, Plaintiff's claims against Defendant Montaño is his personal capacity will be dismissed with prejudice. Because Plaintiff also conceded that under § 1983 municipalities are not vicariously liable for the acts of their employees, *see Pembaur v.*

*City of Cincinnati*, 475 U.S. 469, 478-79 (1986), Plaintiff's vicarious liability claims will also be dismissed with prejudice. (Amended Compl., ¶ 35.)

Although Plaintiff's response does not address Defendants' argument that I should dismiss the § 1983 claim against Defendant Montaño, the County of Santa Fe and the Board of County Commissioners of the County of Santa Fe for their hiring of Defendant Beck, at the conference Plaintiff stated that he had belatedly obtained some evidence that would establish a genuine issue of material fact on this claim. According to Plaintiff, this evidence would show that Defendant Beck was on the verge of being disciplined when he quit his job at the Los Alamos Police Department six months before he was hired at the Santa Fe County Sheriff's Department. Plaintiff stated that Defendant Beck was going to be disciplined for two separate incidents. One incident allegedly involved Defendant Beck's failure to act on a citizen's reported threat to kill his wife and children, and the second incident involved a parking ticket.

Even if Plaintiff had produced admissible evidence showing that Defendant Beck was on the verge of being disciplined for these two incidents when he quit the Los Alamos Police Department, Plaintiff's § 1983 hiring claim should still be dismissed because this evidence does not show that Defendants' decision to hire Defendant Beck showed a "conscious disregard for a high risk that [Defendant Beck] would use excessive force" or arrest someone for disorderly conduct without probable cause. *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 415 (1997).

At the conference, Defendants' counsel conceded that both Defendant Montaño and Captain Ron Madrid were policymakers. Based on a very elastic interpretation of the deposition testimony of Captain Madrid, (Madrid Depo. at 9-15), and the deposition testimony of Corporal Ken Johnson, training officer for the Sheriff's Department, (Johnson Depo. at 24-25), and looking

at the evidence in the light most favorable to the Plaintiff, I find that although this stretched evidence is minimal, Plaintiff has barely established a genuine issue of material fact regarding his § 1983 inadequate training claim against Defendant Montaño, Defendant County of Santa Fe, and Defendant Board of County Commissioners of the County of Santa Fe.

Regarding Plaintiff's § 1983 inadequate supervision claim against Defendant Montaño, Defendant County of Santa Fe, and Defendant Board of County Commissioners of the County of Santa Fe, I also find that Plaintiff's evidence is minimal but is enough to establish a genuine issue of material fact.

Finally, the parties argued at the pretrial conference and in their briefs about Ex. A to Plaintiff's response, which is a statement written by Plaintiff immediately after his January 15, 1997 arrest. After further considering the matter, I conclude that Ex. A should not be accepted as admissible evidence. *See* Fed. R. Civ. P. 56(c). However, consideration of Ex. A would not change the resolution of Defendants' motion in any respect.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendant Montaño in his individual capacity will be DISMISSED with prejudice;

2. Plaintiff's vicarious liability claims against Defendant County of Santa Fe and Defendant Board of County Commissioners of the County of Santa Fe will be DISMISSED with prejudice;

3. Plaintiff's § 1983 hiring claim against Defendant Montaño, Defendant County of Santa Fe and Defendant Board of County Commissioners of the County of Santa Fe will be DISMISSED with prejudice;

4. Defendants' Motion for Summary Judgment is DENIED with respect to Plaintiff's § 1983 inadequate training and supervision claims against Defendant Montaño, Defendant County of Santa Fe, and Defendant Board of County Commissioners of the County of Santa Fe.

_____
UNITED STATES DISTRICT JUDGE